UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD NATHANIEL HURTADO,<br>Plaintiff,<br>v.<br>OFFICER N. REVELES, et al.,<br>Defendants. | Case No. 25-cv-06437-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis by separate order.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases where prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that on July 2, 2024, he was walking toward his housing unit at Salinas Valley State Prison when there was an alarm. He laid down in a prone position and was handcuffed and brought to his feet. As Defendants Reveles and Perez were escorting plaintiff, plaintiff stopped and started to clear his throat. Defendant Perez ordered him to spit, and Defendant Reveles grabbed his throat and Defendant Perez grabbed his chest area. Plaintiff asked Defendant Perez why he grabbed his throat. Defendants slammed plaintiff forward, with the right side of his face and body on the ground. Defendant Reveles had his knees on Plaintiff's back and neck, and Defendant Perez had his knees on Plaintiff's head and shoulders. Plaintiff asked them to get off because he was in pain and the blood flow to his neck and head was stopping, and he could not feel his neck. Defendants responded that was not their problem and told him not to move. Defendant Reveles also slammed Plaintiff backwards while Plaintiff was stepping into the program office.

Liberally construed, Plaintiff states a claim against both defendants for excessive force in violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

**CONCLUSION**

1  The Court orders that the following Defendants be served electronically at Salinas Valley State Prison: Correctional Officers N. Reveles and N. Perez of Facility B.

Service on the listed Defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each Defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

In order to expedite the resolution of this case, the court orders as follows:

No later than **sixty days** from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate

3

1  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and
2  shall include as exhibits all records and incident reports stemming from the events at issue. If
3  Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so
4  inform the court prior to the date that such motion is due. Moreover, all papers filed with the court
5  shall be promptly served on Plaintiff.

6  At the time the dispositive motion is served, Defendants shall also serve, on a separate
7  paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
8  Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003); *see Woods v.*
9  *Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given
10 at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not
11 earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

12 Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and
13 served upon Defendants no later than **thirty days** from the date the motion is served upon him.
14 Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
15 provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
16 411-12 (9th Cir. 1988).

17 If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust
18 his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
19 note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
20 to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

21 If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the
22 opposition is served. The motion shall be deemed submitted as of the date the reply brief is due.
23 No hearing will be held on the motion unless the court so orders at a later date. All
24 communications by Plaintiff with the court must be served on Defendants, or Defendants' counsel,
25 if and when counsel has been designated, by mailing a true copy of the document to Defendants or
26 Defendants' counsel.

27 Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
28 further court order is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 28, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.